## TIGER et al. v. McCALLOM, Guardian.

No. 13515—Opinion Filed March 27, 1923.

Rehearing Denied May 8, 1923.

(Syllabus.)

1. Insane Persons — Guardian — Appointment for Incompetent—Statutory Proceeding—Jurisdiction of County Court.

The appointment of a guardian for an incompetent is a statutory proceeding, and in order to vest a county court of this state with jurisdiction to appoint a guardian for an alleged incompetent it is necessary that a petition be filed in said court as required by section 6538, Rev. Laws 1910, and that notice be given to the alleged incompetent person as therein provided, and an order appointing such guardian for an alleged incompetent, where such petition has not been filed and notice given as in the statute provided, is void. Martin v. O'Reilly, County Judge, 81 Okla. 261, 200 Pac. 687.

2. Appeal and Error — Review of Order Granting New Trial.

Ordinarily the Supreme Court will not review the action of the trial court in exercising its discretionary power in granting a new trial; yet this court may reverse such order where the record shows clearly that the court has erred in its view on an unmixed question of law that is decisive of the case.

3. Same—Reversal.

Record examined, and held, that the order of the trial court granting a new trial should be reversed, and the cause remanded, with directions to overrule the motions of the defendants in error for a new trial.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Consolidated actions by Mollie Tiger and Baby Cumsey, petitioners, against C. B. McCallom, as guardian of the estates of petitioners, to vacate orders appointing McCallom guardian. Judgment for petitioners. McCallom files motions for new trial, which were sustained. Order sustaining motions for new trial reversed, and cause remanded, with directions.

N. A. Gibson, J. C. Stone, and Lewis C. Lawson, for plaintiffs in error.

W. H. Odell and W. L. Ransom, for defendants in error.

KENNAMER, J. This is an action originally brought in the county court of Creek county by Mollie Tiger and Baby Cumsey to set aside an order made by said court de-

claring said persons incompetents and appointing a guardian for them. Applications were separately made on behalf of each of said persons to the county court of Creek county to vacate the orders of said court appointing a guardian for them, and said applications by order of the court consolidated. The orders appointing the guardian were made on July 28, 1919.

On November 10, 1919, the petition of the alleged incompetents was filed in the county court seeking to set aside the former orders appointing the guardian and to have Mollie Tiger and Baby Cumsey restored to competency. On November 19, 1919, a hearing was had upon the petition to vacate the orders appointing a guardian, and the matter was taken under advisement until the 24th day of December, 1919, when the court entered a judgment decreeing the orders made on July 28, 1919, appointing a guardian, to be null and void, and discharging said guardian and decreeing that said alleged incompetents be restored to competency.

Thereafter, on January 3, 1920, without notice to said alleged incompetents, the court made an order finding that the decree entered on December 24, 1919, had been inadvertently entered and that the cause had, prior to that date, been continued to January 10th. On January 10, 1920, upon the argument of counsel, the court entered an order removing Key, the guardian appointed on July 28, 1919, and appointed Charles McCallom as guardian of Mollie Tiger and Baby Cumsey.

Key, Mollie Tiger, and Baby Cumsey filed separate appeals from the order entered on January 10, 1920, to the district court. Key later dismissed his appeal on October 26, 1920, and on said date the county court made another order appointing McCallom guardian. From this order the two alleged incompetents appealed to the district court. The appeals came up for hearing in the district court on April 6, 1921, and were tried together and taken under advisement. On October 10, 1921, the district court entered its judgment, in which it held that the decree of the county court of December 24, 1919, in which it was decreed that the order entered July 28, 1919, appointing Key as guardian for said alleged incompetents, was null and void and declaring said incompetents to be restored to competency, was in full force and effect, and that the orders of the county court of January 3, January 10, and October 26, 1920, were void and should be vacated. The effect of the judgment of the district court was to decree the ap-

pointment of the guardian of said alleged incompetents to be void.

On October 12, 1921, McCallom, the alleged guardian, filed his motion for a new trial in each of the cases. These motions were heard May 22, 1922, and sustained on May 29, 1922, and new trials granted. The plaintiffs in error filed motions to strike McCallom's motion for a new trial. From the orders granting new trials in the cases, Mollie Tiger and Baby Cumsey have prosecuted this appeal.

Seven assignments of error are argued by the plaintiffs in error for a reversal of the order of the district court in granting the defendant in error a new trial.

Upon an examination of the record in this case, we are clearly of the opinion that there is presented an unmixed question of law that is decisive of this appeal. That is, from the record of the probate proceedings introduced in this cause in the trial court, did the county court of Creek county have jurisdiction to appoint a guardian for Mollie Tiger and Baby Cumsey? If the county court of Creek county never acquired jurisdiction to appoint a guardian of said alleged incompetents, and this appears from the record of the proceedings in said court, about which there is no controversy, as a matter of law the district court erred in granting a new trial in this action. The appointment of a guardian for an alleged incompetent in this state is purely a statutory proceeding. Section 6538, Revised Laws 1910, provides:

"When it is represented to the county court upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed insane or incompetent person, of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing."

This statute was construed in Martin v. O'Reilly, County Judge, 81 Okla. 261, 200 Pac. 687, by this court, and held to be mandatory, and unless the provisions of said statute are complied with, the court is without jurisdiction to hear and determine such a proceeding. The second paragraph of the syllabus reads as follows:

"An order of a county court appointing a guardian for an alleged incompetent, having been made on the same day that the petition was filed, without notice, and without the alleged incompetent having been produced before the court, or it being shown that said alleged incompetent was unable to

attend, and without a full hearing and examination upon the petition, such order is void and subject to collateral attack."

The record of the proceedings had in the county court of Creek county shows that the petitions filed did not contain the allegations required by the statute, supra, in that the very purpose for which a guardian may be appointed is to manage the property of the alleged incompetent where such incompetent by reason of insanity or mental incompetency is unable to manage his property. The petitions filed nowhere alleged that the alleged incompetents had any property. The record discloses that, although the notices issued purported to have been issued on the 5th day of July, 1919, and designated the 14th day of July, 1919, as the date for the hearing, no hearing was had on the 14th day of July, 1919, and no order of the court made continuing said hearing, but that on the 28th day of July, 1919, the petitions for the appointment, the notices for the hearing, and the order appointing Key as guardian of said alleged incompetents were all filed in the county court of Creek county.

It is quite clear from the record that the county court of Creek county never acquired jurisdiction in the manner provided by statute to appoint Key guardian of Mollie Tiger and Baby Cumsey, and that such orders are absolutely null and void. The record is full of irregularities in the proceedings, but, as it is a prerequisite to a valid appointment of a guardian for an incompetent that the court must proceed in the manner prescribed by law, we deem it unnecessary to consider the same.

The judgment of the district court decreeing the order of the county court entered on the 24th day of December, 1919, in which the county court vacated its former orders appointing a guardian for the plaintiffs in error to be in full force and effect, was correct, and the motions filed by McCallom as guardian should have been overruled. It is true that this court has repeatedly held that the discretion of the trial court in granting a new trial will not be disturbed on appeal unless the record shows clearly that the court erred in some unmixed question of law and that the order granting the new trial was based upon such erroneous view of the law. Conservative Loan Co. v. Saulsbury et al., 75 Okla. 194, 182 Pac. 685, and cases therein cited.

It is not just clear from the record in this case upon what grounds the trial court based its order granting a new trial. It does appear from the record that in granting the motion the trial judge state he should have reversed the cause back to the county court with instructions to proceed and try the question of the competency of the plaintiffs in error. It further appears in the record, from the order granting a new trial, that the trial court was of the opinion the motion should be granted upon the merits. But where it appears from the record that the cause was tried to the court in a proceeding of this kind, and that the judgment of the trial court is the only judgment that could have been entered in accordance with the law decisive of the controverted issues in said cause, and that some unmixed question of law, which it was the duty of the court to decide, is decisive of the controversy, this court is authorized to reverse the order of the trial court granting a new trial. The law never requires parties to an action to do things that will be of no avail.

For the reasons stated, the order of the district court granting a new trial is reversed, and this cause is remanded to the district court of Creek county, with directions to enter an order overruling the motions of the defendant in error for new trials and to remand the cause to the county court of Creek county, with instructions to enter orders decreeing the appointment of the guardian for said incompetents to be void.

JOHNSON, C. J., and KANE, COCHRAN and BRANSON, JJ., concur.