## BARTLETT v. BELL.

No. 16566.   Opinion Filed Nov. 23, 1926.

Rehearing Denied June 28, 1927.

1. Insane Persons—Validity of Proceedings to Declare Incompetency—Absence of Incompetent at Hearing Excused by His Abduction.

Where, in a proceeding to have a minor, allottee, declared an incompetent, and such minor is taken away from the jurisdiction of the court for the purpose of obtaining a deed from him, as soon as he becomes of age, and his presence at the hearing of the proceedings to declare him an incompetent is prevented by the persons getting the deed from him, and the record of the probate court shows his absence, and the reason he is not present, and the court proceeds with the hearing and declares him an incompetent without his presence, such absence is excusable, and the proceedings are valid.

2. Same—Proceedings not Subject to Collateral Attack.

Where the proceedings of the county court for the appointment of a guardian for a person as an incompetent are regular on their face, and such proceeding shows that the court had jurisdiction to make the appointment, said judgment and proceedings of the county court cannot be attacked collaterally.

3. Same—Compliance with Statute—Abducted Incompetent Person not "Able to Attend" Hearing.

Section 1449, C. O. S. 1921, provides: "When it is represented to the county court upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property. the judge must cause notice to be given to the supposed insane or incompetent person, of the time and place of hearing tho case, not less than five days before the time so appointed. and such person, if able to attend, must be produced before him on the hearing." Held, that under the facts in this case. the incompetent was unable to attend the hearing.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Joseph Bell, by guardian, against E. C. Bartlett, to set aside a deed executed by plaintiff to the defendant, and have same declared a cloud upon plaintiff's title to the land in question. Judgment for plaintiff, and defendant appeals. Affirmed.

Lytle & Field, for plaintiff in error.

Ernest B. Hughes, John G. Ellinghausen, Earl Foster, Edwin A. Ellinghausen, and R. M. Mountcastle, for defendant in error.

Opinion by MAXEY, C. This suit was commenced in the district court of Creek county on the 24th day of November, 1922, to quiet title to 160 acres of land in Creek county, which were allotted to the plaintiff, Joseph Bell. a Creek freedman. It appears from the record that Joseph Bell resided in Muskogee county for several years prior to his coming of age, and that his uncle, Tobe Franklin, was his guardian during his minority; that Joseph Bell became of age on the 2nd day of June, 1922; that on the 15th day of May. 1922. a petition was filed in the county court of Muskogee county by Tobe Franklin, his uncle, and at that time his guardian, wherein he alleged that Joseph Bell was incompetent to handle his business affairs. and asking that he be appointed guardian; and that due service was made of said proceedings upon the then minor, Joseph Bell, alleged incompetent; and thereafter, upon due and lawful proceedings, and on the 6th day of June, 1922. one Lee Perkins, the plaintiff in this suit. was appointed guardian of said Joseph Bell. an incompetent; that notice of these proceedings was filed in the office of the county clerk of Creek county prior to June 2. 1922. It appears that upon the filing of the petition in the county court of Muskogee county by Tobe Franklin, the uncle of Joseph Bell, charging that he was incompetent to handle his business affairs. the petition was set for hearing on the 2nd day of June. 1922. the same date that Joseph Bell reached his majority. Notice of filing of the petition was served on the minor, and also on Tobe Franklin; that on the 2nd day of June, the day the petition, theretofore filed, was set for hearing. Joseph Bell was not present, although notice of the hearing had been served on him. The county court continued the case until the 6th day of June, and issued an attachment for said Joseph Bell to Creek, Okmulgee, and Muskogee counties. and placed the same in the hands of the sheriffs of these respective counties to execute. Notices were all returned by the respective sheriffs, in which the returns showed that Joseph Bell could not be found in their counties. but the sheriff of Creek county showed. by his return, that Joseph Bell's mother had received a letter, stating that he was being held by designing persons in Wichita, Kan. The county court of Muskogee county made the records show that the court was informed that Joseph Bell had been taken to Wichita, Kan., and was there being held by designing persons. and proceeded with the hearing, took testimony, and found that Joseph Bell was an incompetent and totally unable to attend to his business affairs, and had no idea of the value of his allotment, or the value of money; and the court thereupon declared Joseph Bell an incompetent, and appointed the plaintiff, Lee Perkins, guardian of Joseph Bell, an incompetent. It further appears that Joseph Bell was taken from his home in Boynton. Muskogee county, Okla., and that Sadie James, Joe Howard, and Tobe Franklin took Joseph Bell to Wichita, Kan., and there confined him in jail for several days, and he was then taken to Colorado, and they went to the defendant, E. C. Bartlett's ranch, which is near Pueblo. Colo., and stayed there until the 10th day of June, 1922, when Joseph Bell was induced to execute a deed to his allotment to the defendant. E. C. Bartlett, for a pretended consideration of $1,500 in cash and a second-hand Packard automobile. This $1,500 was divided by giving Joseph Bell $500. Sadie James $500, and Joe Howard, $500; and a few days after the deed was executed, Bartlett turned over to Joseph Bell an old second-hand Packard automobile. These parties remained in Colorado for sometime, and Joseph Bell spent most of the $500 that he received on the automobile that Bartlett had given him and started home. and before he got home the automobile broke down, and he left it and went on home. From the testimony it appears that this automobile was a very poor piece of property.

After Joseph Bell got home, an investigation was made by his guardian, Lee Perkins; and on the 24th day of November, 1922, Joseph Bell. by Lee Perkins, his guardian, commenced suit to cancel and set aside the deed that he executed to E. C. Bartlett, the defendant. The plaintiff set up in his petition the guardianship proceedings had in Muskogee county. and attached copies of same to his petition. There is no question but what Joseph Bell was a duly enrolled Creek freedman, and that the land in question was allotted to him. The principal question for this court to consider is: First: Were the proceedings in the county court of Muskogee county sufficient to confer jurisdiction on that court to hear and determine the incompetency of Joseph Bell? The defendant attempts to raise the question of jurisdiction of the county court of Muskogee county by objecting to the introduction of the record and the proceedings made by the county court of Muskogee county on the pe-

tition and the hearing for the appointment of the guardian of Joseph Bell, alleged incompetent. The principal ground for their objection to this record is, that Joseph Bell was not present at the hearing, although notice had been served on him at the place of hearing, but he had been taken away by designing persons and kept away from the hearing, so they could prevent the appointment of a guardian for him as an incompetent; and in the order appointing Lee Perkins guardian, is the following recital:

"And it appearing from the oral testimony of witnesses sworn and examined in open court that the sheriff of Muskogee county, Creek county and Okmulgee county had made diligent search and made every effort to locate said Joseph Bell, and made the usual and customary effort to serve the said attachment; and it further appeared that said Joseph Bell had been carried away from his home in Boynton, Okla., about the 17th day of May, 1922, and that he had written letters to his mother from Wichita, Kan., saying that he was being detained by designing persons. And it further appearing to this court that various persons were attempting to defraud this minor out of his land, and that he had 160 acres in Creek county (describing same), and that it was necessary that a guardian be appointed to protect the interests of said minor.

"And the court being fully advised in the premises, finds that the said Joseph Bell is an incompetent person, and is utterly incapable of taking care of his own affairs, and that he has no idea of the value of money, and no education whatsoever. and no business ability, and it is absolutely necessary that he be adjudicated an incompetent person, and that a guardian be appointed for his person and estate.

"The court further finds that Lee Perkins has been nominated by the mother of Joseph Bell, and that he is a proper and capable person to be so appointed."

And then follows the order appointing Lee Perkins guardian. We think that the defendant cannot successfully sustain their attack on the proceedings in the probate court of Muskogee county. First, it is a collateral attack, and cannot be sustained for that reason; and second, that E. C. Bartlett, the person who bought the land from Joseph Bell, cannot successfully raise the question of validity of the proceedings in Muskogee county; and third, we think under the decisions of this court, the proceedings in the county court of Muskogee county are valid on their face; and that in the appointment of a guardian of Joseph Bell, an incompetent, the law was complied with and the proceedings valid, and that

Lee Perkins is, and has been, since his appointment the duly qualified and acting guardian of Joseph Bell, an incompetent.

While the statute requires the presence of the alleged incompetent at the hearing, this court has interpreted the statute requiring the presence of the alleged incompetent, and in the case of Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687. the court held that the notice required by the statute and the hearing required by the statute should be complied with, but interpreted the statute that required the presence of the alleged incompetent as meaning this:

"And where it can reasonably be done, the presence of the party charged is indispensable to making the appointment."

Now, in our judgment, that is a sensible construction and the only one that would throw any protection around the incompetent whatever. Here he has been spirited away by designing persons who have kept him away from the hearing—even placed him in jail in Wichita. Kan., and then running him off to Colorado. Why it would be an impossibility to have him present until these designing persons had accomplished their purpose—that is, getting a deed to his land. No other rule or construction could protect the incompetent.

The case of Parmenter v. Rowe, 87 Okla. 158, 200 Pac. 683, is the leading case on excusing the presence of an incompetent at the time the appointment is made, which lays down the same rule as the court did in Martin v. O'Reilly, supra. This is one of those cases that the courts meet, that in order to do justice, they must put aside fine-spun technicalities, and get down to solid substantial equitable principles; and we think that is what the trial judge attempted to do in this case; and we think he has done it, and that substantial justice has been done the parties, and that the judgment should be affirmed.

We have examined the proceedings in the county court of Muskogee county, and the argument of the counsel in their attempt to show that said proceedings are void, because of technical objections in the notice and the absence of the minor, Joseph Bell, at the hearing; and have examined the authorities that counsel rely on to sustain their contention, and we deem it unnecessary, under our view of the law, to cite these authorities or indulge in a lengthy argument in support of our views. The practice that has existed in certain parts of the eastern end of this state, of watching the age of these minors, and just before they become of age

running them off to some other state, and getting a deed from them after they become of age, has gone to the limit, and we think the time has come when this court, following the Parmenter and O'Reilly Cases, should hold that, where it is shown that a proceeding to have a minor declared an incompetent is commenced, and, and, as in this case, notice served on him of the time of the hearing, and he is taken away from the state and hidden out to prevent him from being present at the hearing and getting a deed from him before the proceedings to have him declared an incompetent can be heard, that a deed obtained under such circumstances is void and conveys no title. We hold that the proceedings in the county court of Muskogee county, in appointing a guardian for Joseph Bell, an incompetent, are valid, and that at the time Joseph Bell made the conveyance to E. C. Bartlett, the defendant, he had been declared an incompetent, and was under legal guardianship, and that the deed executed by him to the defendant, E. C. Bartlett, was obtained by fraud, and is absolutely void and should be canceled and set aside, as a cloud upon plaintiff's title. The case is therefore affirmed.

By the Court: It is so ordered.