BRUNER v. STAPLES.

No. 24391.   March 5, 1935.

Rehearing Denied May 14, 1935.

Glenn O. Young, for plaintiff in error.

R. E. Stephenson and Johnson & Jones, for defendant in error.

PER CURIAM. This case originated in the county court of Creek county upon the application of an alleged incompetent to compel his purported guardian to account. The county court held that it was without jurisdiction to require an accounting. Appeal was taken to the district court, where a trial de novo was had; and the district court also held that the county court was without jurisdiction, and therefore the district court had no jurisdiction on appeal. From this judgment of the district court, this appeal is taken.

Both plaintiff in error and defendant in error agree in their briefs that the only question to be determined in this appeal is the question as to whether or not the county court had jurisdiction to compel the guardian to account.

On January 16, 1926, the county court of Creek county entered two orders appointing R. M. Staples as guardian of Jesse Bruner. The petition on which these orders are based is not shown.

One of these orders, after reciting that the cause came on for hearing on the petition of John R. Miller for the appointment of Staples as guardian of Jesse Bruner, an incompetent, that notice was given, the appearance of the petitioner and the hearing of testimony, ordered that Staples be appointed guardian of Bruner upon taking oath and filing bond, and the issuance of letters of guardianship accordingly.

The other order recites that the petition was filed on November 16, 1925; that service of notice was had on Bruner on the same day; that he became of age on January 15, 1926 (at which time a guardianship for Bruner as a minor terminated); that certain persons, unknown, had induced him to abscond and go out of the jurisdiction of the court to obtain deeds from him as soon as he became of age, and, as a consequence, he was not present; that evidence was introduced supporting the allegations of the petition; and the court found and adjudicated him to be an incompetent and appointed Staples as his guardian upon taking oath and filing bond, the same as in the other order entered at the same time.

It will be observed that the petition on which these orders were predicated was filed and service of notice of such petition on the ward was had while he was still a minor, subject to an existing guardianship, in anticipation of his becoming of age on January 15, 1926, and the court had set the petition for hearing on January 16, 1926, the next day after the termination of the minority guardianship, at which time these orders were entered.

On the same day the guardian qualified and letters were issued.

On May 7, 1926, said court made a second appointment of Staples as guardian of Bruner. Again the petition on which it is based is not shown.

This order recites and finds that it came on to be heard upon the petition of Lena Border (mother of Bruner) for an adjudication of incompetency as to Bruner and for the appointment of a guardian; that the petitioner and Bruner appeared in person; that proofs were introduced; that Bruner was examined; that Bruner was an adult residing in Creek county and had property in said county (describing it); and that Bruner was incompetent; that Staples was again appointed guardian and letters ordered to be issued upon taking oath and filing bond.

On May 22, 1926, the guardian again qualified and letters were issued; and the guardian proceeded to act as such.

There was dissatisfaction on the part of Bruner and his mother and stepfather with the management of the estate, and Bruner attempted to move his residence from Oklahoma to Missouri for the purpose of creating a diversity of citizenship on which to base a suit in the federal court against his

guardian. He went to Missouri, and on February 18, 1928, through his attorneys filed suit in the United States District Court at Tulsa against his guardian and others.

In this petition it is charged that there was a conspiracy on the part of Staples and others to deceive the county court by falsely representing Bruner to be a resident of Creek county in order to induce the said court to assume jurisdiction to appoint a guardian for Bruner. It is further alleged that Bruner was not incompetent nor a resident of Creek county, Okla., and that it was to gain possession of his property and take same from his control that said conspiracy was formed and said fraud perpetrated upon the county court.

He further alleges mismanagement of his estate by the guardian in numerous particulars, and prays for a restraining order, the appointment of a receiver, for an accounting and for an adjudication that the appointment of Staples as guardian be decreed to be void.

There were several hearings before the United States Judge, who, according to the testimony, advised the parties to settle the case out of court. The testimony further shows that in pursuance of this advice Bruner and Staples, through their attorneys, made a purported settlement, and on April 26, 1928, Jesse Bruner signed an agreement ratifying all of the acts of his guardian. The guardian testifies that, at that time, he turned over certain notes and mortgages and his receipts and checks showing how he disbursed the funds coming into his hands as guardian. Bruner testifies that he did not get anything. This federal court case appears to have been dismissed in November, 1928, without having gone to judgment.

On May 15, 1928, the county court of Creek county, at the instance of attorneys for Bruner, entered an order finding that on May 7, 1926, the date of the second appointment of Staples as guardian, Bruner was a resident of Okmulgee county, and that it was without jurisdiction to make the appointment and ordering such order to be set aside on that ground.

On December 12, 1928, upon a petition by Willie Peters (stepfather of Bruner) the county court of Creek county entered an order finding that Bruner was competent, restoring his competency, discharging the guardian, and ordering the guardian to file his final report within 30 days.

On September 18, 1930, the guardian filed motion to dismiss the petition, asking that he be required to account, for want of jurisdiction. A supplemental motion to the same effect was filed September 15, 1930.

On March 24, 1931, these motions were overruled by the county court and the guardian was allowed 15 days to file such report.

This report was filed August 3, 1931. In the report the guardian attacks the jurisdiction of the court to require him to account, pleads the alleged settlement of the case filed in the United States court, states that he is unable to make an accurate report on account of having surrendered his receipts and checks in the settlement of the federal court case, but attaches what he says is the most complete report he can render under the circumstances. This report shows receipts of $29,482.84, and disbursements of $26,325.53, and further alleges the delivery of all notes and mortgages in his possession belonging to said estate to said Bruner (amount thereof not stated), at the time of the alleged settlement.

On August 31, 1931, the county court conducted a hearing on said final report, at which time said court sustained the plea of Staples to the jurisdiction of the court. To which order Jesse Bruner excepted and gave notice of appeal to the district court.

On November 16, 1931, transcript on appeal was filed in the district court. Staples filed motions in the district court on November 11, 1931, and on February 4, 1932, to dismiss the appeal on jurisdictional grounds.

These motions came on for hearing before the district court in February, 1932. Voluminous testimony was introduced by both sides, the trial court being of the opinion that the cause presented only a question of law, but that the parties should be permitted to make their record. The court took the matter under advisement and permitted the parties to file briefs.

On August 16, 1932, the district court entered judgment sustaining the motions of Staples to dismiss the appeal for want of jurisdiction, from which judgment this appeal has been taken to this court, and as above stated the parties agree that the jurisdictional question is the only one presented by this appeal.

The view we take of this case renders it unnecessary to consider more than one of the contentions of the parties, stated by the plaintiff in error as follows:

"The order appointing Staples as guardian of Jesse Bruner, entered in cause num-

ber 3179 on January 16, 1926, has never been attacked, vacated, or set aside and is still in force and effect."

The order vacating the appointment of May 7, 1926, makes no reference to the orders of January 16, 1926, appointing the same guardian for the same incompetent by the same court. It specifically finds that on May 7, 1926, Jesse Bruner was not a resident of Creek county, and that the county court was therefore without jurisdiction to make the appointment. It simply vacates the appointment of May 7, 1926, and does not attempt to discharge the guardian or require him to account; and there is no finding as to whether or not Bruner was a resident of Creek county on January 16, 1926, the date of the prior appointments.

The two orders of January 16, 1926, should be construed together in determining whether or not they constituted a valid appointment. And, construing them together, they show findings and adjudications by the court to the effect that on November 16, 1925, a petition was filed to have Bruner adjudged an incompetent; and on the same day notice was served on Bruner in Creek county of the filing of the same; that the hearing on said petition was set for January 16, 1926, which was the day after he became of age, and after the termination of a minority guardianship then pending in said county court; that Jesse Bruner was not present at the hearing because parties unknown had induced him to go out of the jurisdiction of the court in order to obtain deeds from him as soon as he became of age; that Bruner was incompetent to transact his own affairs; and that Staples be appointed his guardian upon taking oath and filing bond. The guardian qualified under this appointment and letters of guardianship were issued to him accordingly.

Here are all of the essentials of a valid appointment of guardian. It was proper to file the application for appointment shortly prior to the termination of the minority guardianship. Johnson v. Guy, 165 Okla. 156, 25 P. (2d) 625.

The finding that Bruner had been taken out of the jurisdiction of the court for sinister purposes satisfactorily accounted for his absence from the hearing. Bartlett v. Bell, 125 Okla. 236, 257 P. 309.

While there was no specific finding that Bruner was a resident of Creek county on January 16, 1926, still, nothing appearing in the record to the contrary up to this time, it is presumed that the court inquired into the matter and found him to be such resident.

The fourth paragraph of the syllabus in Johnson v. Furchtbar, 96 Okla. 114, 220 P. 612, is as follows:

"Where an order appointing a guardian is entered by a county court of this state, such court being a court of general probate jurisdiction, it will be presumed that all facts necessary for the proper rendition of the judgment have been found to exist before judgment was rendered, and the judgment cannot be attacked in a collateral proceeding because the order of appointment does not recite that the minor was a resident of the county."

As nothing appears in the record up to the time these two orders were entered, negativing the fact that Bruner was a resident of Creek county, it will be presumed that the court found him to be a resident of said county at that time, based upon competent evidence to that effect.

This appointment of January 16, 1926, being valid, the guardian having qualified thereunder, and such appointment never having been vacated or set aside, and the guardian having received property of Bruner by virtue of having been appointed guardian by said court, said court has jurisdiction to require said guardian to account.

In Swift v. McKinney, 123 Okla. 1, 251 P. 734, it is held that after an incompetent has been restored to competency and his guardian discharged on that account, the county court still retains jurisdiction to require an accounting by the guardian.

It is argued by the defendant in error that, inasmuch as the appointment of January 16, 1926, was in case No. 3179, and that this is an appeal from a judgment that the county court was without jurisdiction to require an accounting rendered in case No. 3244, the question of the jurisdiction of the county court to require an accounting by virtue of the appointment in case No. 3179 is not before the court.

The testimony taken before the county court in this matter is not shown in the record; but these records were certainly introduced in the trial de novo had in the district court on appeal from the county court. Section 81, O. S. 1931, in prescribing the duties of the clerk, provides:

"He shall keep the papers, in each case, separate, carefully enveloped in a wrapper labeled with the title and number of the case."

276

This is a ministerial duty imposed upon the clerk and his performance or failure to perform this duty has no effect upon the jurisdiction of the court.

The question here presented is: Did the county court have jurisdiction to require an accounting? If there was a valid appointment of guardian, still in force and effect on December 12, 1928, the date of the order restoring the competency of Bruner, discharging the guardian and requiring him to account, the court had jurisdiction.

While part of these proceedings were filed under No. 3179 and part under No. 3244, there was only one guardianship proceeding. They were all had in the same court and involved the same guardian, the same ward and the same property. And the order of May 15, 1928, vacating the second appointment of May 7, 1926, simply eliminated this order from the record and left the order of January 16, 1926, in full force and effect.

It is also contended that the county court has no jurisdiction to require an accounting because of the alleged settlement with and ratification of the acts of the guardian by Bruner, in connection with the alleged settlement of the federal court case.

At the time of this transaction the adjudication of incompetency and appointment of guardian of January 16, 1926, was in full force and effect and the alleged settlement and ratification are void. Section 9404, O. S. 1931, in part provides:

"After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor designate any power, nor waive any right, until his restoration to capacity is judicially determined. * * *"

It was therefore proper for the court in rendering the judgment of December 12, 1928, restoring Jesse Bruner to competency and discharging Staples as guardian, to require the guardian to account.

The judgments of the county and district courts are reversed and the cause remanded, with directions to proceed with the accounting.

The Supreme Court acknowledges the aid of Attorneys James D. Talbott, A. O. Harrison, and R. L. Foster in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Talbott and concurred in by Mr. Harri-

son and Mr. Foster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of this court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.