## BOARD OF COUNTY COM'RS OF KIOWA COUNTY v. CARTER.

173 P. 2d 579.

No. 32202.   Oct. 15, 1946.

U. V. Jones, County Atty., of Hobart, for plaintiff in error.

Hughes & Hughes, of Hobart, for defendant in error.

HURST, V.C.J. This is an action by Walter Carter against the board of county commissioners of Kiowa county to recover the purchase price paid by him for an automobile, sold under order of the county court after it was forfeited to the state because it was

used for the transportation of intoxicating liquor.

The car was seized as the property of Jake Bock. In the proceedings before the county court to forfeit the car, Mrs. Jake Bock intervened, claiming to own the car and that it was used without her knowledge or consent. On the trial of that issue, the court found against her. No appeal was taken from the order of forfeiture. Thereafter, the car was sold to Carter by the sheriff pursuant to the order of forfeiture. Thereafter, Mrs. Bock filed an action in replevin in the justice of the peace court against Carter for the recovery of the car. The justice court held against her, and she appealed to the district court, where judgment was rendered in her favor. Carter took no appeal from that judgment. Thereafter, Carter filed this suit.

At the trial of the present case, the appearance docket in the criminal cause was introduced in evidence and it shows the filing of a petition in intervention of Mrs. Jake Bock, an answer to the petition of intervention, an order denying the petition of intervention, and the order forfeiting the car and directing that it be sold. It also shows that the criminal case was heard at 10 o'clock a. m. and that the forfeiture proceeding was at 2 o'clock p. m. on the same day. The two separate proceedings were tried under the same docket number. The defendant board of county commissioners offered in evidence the judgment roll in the forfeiture proceedings, but the court excluded this evidence. However, it is in the record as excluded evidence. From a judgment in favor of Carter, the board of county commissioners has appealed.

1. From the remarks made by the court during the trial of the present case, it appears that the court was of the view that judgment in the replevin action was binding upon the board of county commissioners and could not be attacked by them in this case. But the board of county commissioners was not a party to the replevin action, and was not in privity with a party, and hence the judgment is not res adjudicata as to it. Cressler v. Brown, 79 Okla. 170, 192 P. 417.

2. 37 O.S. 1941 §112 is the statute under which the forfeiture proceeding was prosecuted and the property sold. The sale of the automobile was a judicial sale (35 C.J. 7; 31 Am. Jur. 397), and the rule is that the doctrine of caveat emptor ordinarily applies to judicial sales. In re Standwaite's Estate, 73 Okla. 255, 175 P. 542; 35 C.J. 75; 31 Am. Jur. 492. Some courts make an exception to this rule where the order of sale under which the property is sold is void, and Carter contends that the order of sale was void for two reasons, (a) because the order of forfeiture was made in the criminal case and not in a separate proceeding for forfeiture, and (b) because the county court in the forfeiture proceedings denied Jake Bock a jury trial.

a. Under 12 O.S. 1941 §30, it is a ministerial duty of the court clerk to properly docket and file papers filed in the court and his failure to do so does not affect the jurisdiction of the court. Bruner v. Staples, 172 Okla. 272, 44 P. 2d 864. It follows, therefore, that the failure of the clerk to separately docket the forfeiture proceedings did not render the order of forfeiture void. 31 Am. Jur. 184, §584.

b. The county court committed an error in overruling the application of the defendant for a jury trial in the forfeiture proceedings. Keeter v. State, 82 Okla. 89, 198 P. 866, 17 A.L.R. 557. This error rendered the order of forfeiture voidable and subject to direct attack by appeal, but the error was made in the exercise of jurisdiction and does not render the order void and subject to collateral attack. Lee v. Harvey, 195 Okla. 178, 156 P. 2d 134; McClendon v. Wood, 125 Ark. 155, 188 S.W. 6; 31 Am. Jur. 181; 34 C.J. 561, note 10. The present case constitutes a collateral attack upon the order of forfeiture.

Shefts v. Oklahoma Co., 192 Okla. 483, 137 P. 2d 589.

Since the doctrine of caveat emptor applies, there is no merit in Carter's contention that the demand made by him upon the county attorney to defend his title in the replevin action and his failure to do so rendered the judgment binding upon the county.

The plaintiff does not contend that the petition for forfeiture of the car was not sufficient to invoke the jurisdiction of the county court or that it was not actually filed in the county court. He does not contend that the county court did not acquire jurisdiction of the persons of Mr. and Mrs. Bock. He does not contend that the county court does not have jurisdiction of the subject matter—forfeiture of property under 37 O.S. 1941 § 112. It does not appear, therefore, that there was an absence of either of the three jurisdictional requisites. Sabin v. Levorsen, 193 Okla. 320, 145 P. 2d 402.

For the foregoing reasons, the collateral attack made by Carter against the order of forfeiture is not permissible, and the rule of caveat emptor applies.

3. There is another reason why the plaintiff is not entitled to prevail. We have long been committed to the rule that one who demands payment of a claim against a county must show some statute authorizing it or that it arises from some contract, express or implied, which finds authority in law. Board of Commissioners v. Johnston, 192 Okla. 203, 134 P. 2d 335. The plaintiff points to no statute under which the county warrants title to property sold under an order of forfeiture, or that would authorize the board of county commissioners to bind the county by agreeing to do so. Furthermore, there is no contention that any such agreement was made in the instant case.

Reversed, with directions to enter judgment for the defendant.

GIBSON, C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.