In re GUARDIANSHIP OF Archie Dave DEERE.

Archie Dave DEERE, Jr., Appellant,

v.

Archie Dave DEERE, Sr., Appellee.

No. 61905.

Supreme Court of Oklahoma.

Oct. 22, 1985.

Legal Services of Eastern Oklahoma, Sara Allen, Charles R. Fisher, Poteau, for appellant.

James Hamilton, Poteau, for appellee.

KAUGER, Justice.

The question presented is whether the trial court's appointment of a guardian for Archie Deere, Jr., appellant, (Deere) after refusing to grant a continuance to permit him to attend the hearing accompanied by his lawyer was an abuse of discretion and a denial of due process. We find that it was.

After a history of brief periods of confinement both in mental hospitals and county jails, Deere, who had entered Eastern State Hospital voluntarily, received notice on January 31, 1984, that a guardianship hearing was docketed for February 7, 1984. Deere was unable to obtain counsel until February 6, 1984, when a staff attorney at Eastern Oklahoma Legal Services, Inc., agreed to represent him. Because the lawyer had a scheduling conflict, a legal intern appeared and advised the court that Eastern State Hospital had agreed to provide transportation for Deere, but the previous afternoon the hospital discovered that it would be unable to do so. A continuance was requested to enable the prospective ward to be present, and to be represented by counsel. The motion for a continuance was denied. The court proceeded with the hearing, at which, the evidence presented supported the conclusion that Deere was irresponsible and undisciplined. His parents testified about events which occurred between 1974 and 1982, but no evidence was presented concerning Deere's present condition. After Deere's father was appointed as his guardian, he immediately petitioned to have his son admitted to Eastern State Hospital for long-term treatment.

## FAILURE TO GRANT A CONTINUANCE WAS AN ABUSE OF DISCRETION AND A DENIAL OF DUE PROCESS

The ward asserts that the refusal of the court to grant a continuance was a denial

of his constitutional right to a hearing and violative of 58 O.S.1981 § 851.[1] We agree.

The granting of a continuance is within the sound discretion of the trial court. In the absence of an abuse of discretion or prejudice to the substantial rights of the parties, refusal to continue a hearing is not reversible error.[2] Before granting a continuance because of the unavailability of a litigant, the presence of the absent party must be indispensable to a fair trial, and it must appear that an injustice will result.[3] Generally, it is not reversible error if the trial court denies a continuance because of the unavailability of the principal counsel.[4] However, the rule is not broad enough to encompass representation by a legal intern.[5]

Here, the ward's competence was determined in the absence of the ward or of his lawyer. Guardianship proceedings are regulated by statute, and failure strictly to comply with the statutory mandate may invalidate the appointment of the guardian.[6] The applicable statutes, 58 O.S.1981 §§ 851, 852 require a *full hearing*[7] in the presence of the supposed incompetent if he/she is able to appear before the court. The record fails to demonstrate sufficient reasons for Deere's absence. Transportation problems at the hospital prevented his attendance, but apparently Deere was physically able to appear at the hearing without fear of injury to himself or to others.

One of the historic liberties which is protected by the due process clauses of the Constitution of the United States and the State of Oklahoma[8] is the right to be free from, and to obtain judicial relief for, unjustified intrusions on personal security.[9] Appointment of a guardian results in a massive curtailment of liberty, and it may also engender adverse social consequences. The guardian becomes the custodian of the person, estate and business affairs of the ward; the guardian dictates the ward's residence; the ward's freedom to travel is

1. The procedure for appointment of guardian is provided in 58 O.S.1981 § 851:

   "When it is represented to the court upon verified petition of any relative or friend, that any person is insane, or from any cause mentally *incompetent to manage his property*, the court shall cause notice to be given to the supposed insane or incompetent person and shall cause notice, by any means deemed proper to the judge, to be given to some known near relative of such alleged insane or incompetent person who is not the petitioner, of the time and place of hearing the case, not less than five (5) days before the time so appointed, and such insane or incompetent person, if able to attend, must be produced before the court on the hearing. The relative to be given such notice shall be designated by the judge. If there be no known relative, near or remote, or if the whereabouts of all relatives be unknown or unascertainable from available sources, the petition shall so allege."

2. *Herbert v. Chicago, Rock Island and Pacific R. Co.*, 544 P.2d 898, 900 (Okla.1976); *Matter of Estate of Katschor*, 543 P.2d 560, 562 (Okla. 1975); *Teel v. Gates*, 482 P.2d 602, 604 (Okla. 1971).

3. *Jennings Co. v. Dyer*, 41 Okla. 468, 139 P. 250, 252 (1914).

4. *Anco Service v. Noland*, 387 P.2d 252, 254 (Okla.1963); *Jackson v. Jackson*, 201 Okla. 292, 205 P.2d 297, 299, 7 A.L.R.2d 1410 (1949); *Woodmen of the World Life Ins. Soc. v. Chapman*, 189 Okla. 69, 113 P.2d 600, 602 (1941).

5. The rules regulating practice of legal interns do not permit this practice. See 5 O.S.Supp. 1982 Ch. 1, App. 6, § VII(D)(3). *See also Anco Service v. Noland*, see note 4, supra; *Kinnear v. Dennis*, 97 Okla. 206, 223 P. 383–84 (1924).

6. *Bartlett v. Bell*, 125 Okla. 236, 257 P. 309–10 (1926); *Tiger v. McCallom*, 89 Okla. 249, 214 P. 194–95 (1923); *Martin v. O'Reilly*, 81 Okla. 261, 200 P. 687, 691 (1921).

7. Title 58 O.S.1981 § 852 requires a full hearing upon the petition. It provides:

   "If after a full hearing and examination upon such petition, it appears to the judge of the district court that the person in question is incapable of taking care of himself and managing his property, he must appoint a guardian of his person and estate, with the powers and duties in this article specified."

8. Due process is provided in the U.S. Const. amend. XIV, § 1 and the Okla. Const. art. 2, § 7.

9. *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 1263, 63 L.Ed.2d 552 (1980); *Ingraham v. Wright*, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977); See also Annot. "Right to Counsel in Insanity or Incompetency Adjudication Hearings," 87 A.L.R.2d 950 (1963).

curtailed; and the ward's legal relationship with other persons is limited.[10]  The ward suffers numerous statutory disabilities. He/she loses the right to: remain licensed to practice a profession;[11] marry;[12] refuse medical treatment;[13] possess a driver's license;[14] own or possess firearms;[15] and remain registered to vote.[16]

When the state participates in the deprivation of a person's right to personal freedom, minimal due process requires proper written notice and a hearing at which the alleged incompetent may appear to present evidence in his/her own behalf.  The opportunity to confront and cross-examine adverse witnesses before a neutral decision maker, representation by counsel, findings by a preponderance of the evidence, and a record sufficient to permit meaningful appellate review are concomitant rights in this context.[17]  This Court held in *D.B.W.*, 616 P.2d 1149 (Okla.1980), a case involving involuntary committment for treatment of mental illness, that individual fundamental freedom cannot be abridged without compliance with due process of law.  The same rationale underpins the finding that guardianship proceedings must comport with constitutional notions of substantial justice and fair play.

These basic rights are codified in 58 O.S. 1981 §§ 851, and 852.  Failure to grant a continuance in this case ignored the safeguards of the statute, and the guarantees of the United States and Oklahoma constitutions.

REVERSED.

DOOLIN, V.C.J., and HODGES, OPALA and ALMA WILSON, JJ., concur.

SIMMS, C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ., concur in result.

**10.** *Harrison v. Laveen,* 67 Ariz. 337, 196 P.2d 456, 462 (1948).  See also Note, "Constitutional Deficiencies in Oklahoma Guardianship Law", 13 Tulsa. L.J. 579, 586 (1978).

**11.** Title 5 O.S.1981 Ch. 1, App. 1–A, Rule 10 and 59 O.S.1981 § 516.

**12.** Title 43 O.S.1981 § 1.

**13.** Title 43A O.S.1981 § 96.

**14.** Title 47 O.S.1981 § 6–102.

**15.** Title 21 O.S.1981 § 1289.10.

**16.** Title 26 O.S.1981 § 4–101.

**17.** *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *In Re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967).