HORINEK v. GACSAL



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HORINEK v. GACSAL

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HORINEK v. GACSAL
2018 OK CIV APP 51
420 P.3d 1048
Case Number: 115772
Decided: 05/31/2018
Mandate Issued: 06/27/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 51, 420 P.3d 1048

 

TODD HORINEK, Plaintiff/Appellee,
v.
ELIZABETH GRACE GACSAL, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
WASHINGTON COUNTY, OKLAHOMA

HONORABLE KYRA FRANKS, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Mark A. Warman, FRANDEN|FARRIS|QUILLIN GOODNIGHT + ROBERTS, Tulsa, Oklahoma, for Defendant/Appellant

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Elizabeth Grace Gacsal appeals trial court orders granting judgment in favor of Todd Horinek and denying her motion for new trial and/or motion to vacate in this small claims case. The principal issue is whether the trial court abused its discretion in denying a new trial after refusing to continue the small claims trial because Gacsal's counsel was late. After reviewing the facts and applicable law, we conclude Gacsal's brief in chief reasonably supports her claim that the trial court abused its discretion in refusing to continue the hearing and in refusing to grant a new trial. Accordingly, we reverse its orders and remand for a new trial.

FACTS AND PROCEDURAL BACKGROUND

¶2 On November 15, 2016, Horinek filed a small claims action arising from a car accident seeking against Gacsal $7,500 in damages "for [d]imunition of value/property damage," plus costs. The court ordered Gacsal to appear on January 10, 2017, at 9:00 a.m. On January 10, 2017, the court entered judgment in favor of Horinek in the amount of $7,500, plus costs in the amount of $213.

¶3 On January 17, 2017, Gacsal filed a "Motion for New Trial and/or to Vacate Judgment" alleging that she appeared for "trial and advised this Court that she was represented and that her attorney was on his way to the hearing but was late due to a clerical error of scheduling." She stated, "Counsel for the Defendant did call the court clerk to advise of the error[1] and advise that he was on his way to represent the interest of his client. The clerk called back and advised defense counsel that she had talked with the Court and the hearing would not be delayed." Gacsal's counsel "appeared at 10:30 a.m. due to the above-noted clerical error (hearing date was not put on counsel's calendar)." Gacsal alleged, "The Court conducted a hearing by looking at a variety of documents presented to the Court from the Plaintiff. Defendant was not provided a copy of said documents and did not see what was given to the Court." Gacsal stated, "After reviewing these documents, the Court awarded the Plaintiff $7,500.00 plus costs and expenses against this Defendant without the benefit of sworn testimony, cross-examination or disclosure of evidence against her."

¶4 Gacsal asserted that a new trial should be granted pursuant to 12 O.S. § 651(1) and (6).[2] She maintains she "was denied a fair trial when the Court conducted the hearing without allowing defense counsel to appear, albeit late, due to clerical error." She further claimed irregularity in the proceedings because:

The hearing of this matter took place in the following manner after mediation failed.[3] The Court called the case, Plaintiff and Defendant stood before the Court, Plaintiff handed the Court a variety of documents and the Court reviewed [the] same. Plaintiff requested more money than originally pled or allowed under small claims procedures. The Court correctly refused, but then entered judgment against the Defendant.

It should be noted that no witnesses were sworn to testify, no access to the documents were [sic] given, and no cross-examination was allowed. No testimony was taken as to why Defendant would be indebted to Plaintiff. Defendant was not allowed to confront witnesses or exhibits.

Gacsal attached her affidavit to support her motion for new trial/motion to vacate.

¶5 The trial court denied Gacsal's motion for new trial, stating:

Further, there are many factual inaccuracies contained within said Motion, including but not limited to, Defendant's assertion that the parties were not sworn, nor was testimony heard.

The matter was set for 9:00 a.m. and there was no Entry of Appearance filed in the case for Defendant. Further, the parties were sworn, testimony was heard, and the Defendant did not dispute the amount owed, at one point stating that her "insurance company just needs to pay this." Also, unfortunately for the Defendant, her factual inaccuracies are contained in a sworn affidavit.

¶6 Gacsal appeals from the order granting judgment in favor of Horinek and from the order denying her motion for new trial/motion to vacate.

STANDARD OF REVIEW

¶7 "A trial court's denial of a motion for new trial is reviewed for abuse of discretion." Reeds v. Walker, 2006 OK 43, ¶ 9, 157 P.3d 100. "The granting of a continuance is within the sound discretion of the trial court. In the absence of an abuse of discretion or prejudice to the substantial rights of the parties, refusal to continue a hearing is not reversible error." In re Guardianship of Deere, 1985 OK 86, ¶ 4, 708 P.2d 1123.

ANALYSIS

¶8 First, we note that Horinek failed to file an answer brief. "Reversal is never automatic on appellee's failure to file answer brief." Hamid v. Sew Original, 1982 OK 46, ¶ 7, 645 P.2d 496. However, if the failure to file an answer "is unexcused, this Court is under no duty to search the record for some theory to sustain the trial court judgment, and will, ordinarily, where the brief-in-chief is reasonably supportive of the allegations of error, reverse the appealed judgment with appropriate directions." Sneed v. Sneed, 1978 OK 138, ¶ 10, 585 P.2d 1363. After reviewing the record, we conclude Gacsal's brief-in-chief does reasonably support her allegations of error, and we therefore reverse the trial court's orders.

¶9 Gacsal asserts that her counsel advised the court that she was represented by counsel and that he was en route to the hearing to represent her. She stated that it is her belief that "the trial court abused its discretion by failing to grant her a new trial or to vacate the judgment, based upon the denial of her request for a delay in the proceedings to give her a fair opportunity to present her side of her case." Although the court in its order denying a new trial states Gacsal's attorney had not filed an entry of appearance in the case, counsel for Gacsal claims he called the court and advised the court he was representing Gacsal and had been delayed. We conclude Gacsal has reasonably supported her claim that the trial court abused its discretion in refusing to grant a new trial after it proceeded with trial despite her counsel advising the court that he was running late for court and seeking a brief continuance in order to appear and represent his client.

¶10 In Beck v. Jarrett, 1961 OK 162, ¶ 10, 363 P.2d 215, the Supreme Court stated:

While it is true that diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits. The latter is and should be the primary right of the parties and duty of the courts.

Id. "The courts should always be loath to deny a determination of a case upon its merits by reason of the actual or supposed fault of an attorney and one of the parties litigant." Id. ¶ 14. Although this is not a default judgment, as the trial court states that it considered testimony of the parties, Gacsal was deprived of counsel's assistance to defend her case. Even though this was a small claims matter, Gacsal hired an attorney to represent her and may not have been as prepared to go forward with the case in the same manner as she would have been if she had not retained an attorney.

¶11 And, although we see prejudice materially affecting Gacsal's substantial rights in the court's refusal to grant a brief delay, we see no prejudice to Horinek in granting the continuance. We conclude Gacsal's brief in chief reasonably supports her allegations that the trial court abused its discretion in refusing a continuance in the small claims trial until her attorney arrived to represent her and abused its discretion in failing to grant a new trial to correct the initial error.

CONCLUSION

¶12 The arguments in Gacsal's brief reasonably support her propositions of error. The orders of the trial court are reversed and the case is remanded for a new trial.

¶13 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

FISCHER, J., concurs, and THORNBRUGH, C.J., concurs in result.

FOOTNOTES

[1] Counsel represents in his appellate brief that he contacted the court in advance of the hearing to advise of his unexpected lateness stating this would be consistent with Local Court Rule 1.3 of the Rules of the Northeastern Judicial Administrative District for the Tenth, Eleventh, Twelfth, and Thirteenth Judicial Districts: "'An attorney who finds it impossible to be on time should immediately inform the Court, giving the reason for the delay, and expected arrival time.'" (Emphasis omitted.)

[2] Title 12 O.S.2011 § 651 provides in relevant part:

A new trial is a reexamination in the same court, of an issue of fact or of law or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of the party:

1. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial;

. . .

6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law . . . .

[3] Gacsal states in her affidavit supporting her motion for new trial that she told the trial court that she was represented by counsel who was on his way and she asked to delay the trial until he arrived. She further states, "The Court would not grant the requested delay and instead sent me to mediation. I had no idea what to do." She adds, "After mediation, I was called into Court along with Mr. Horinek."






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1961 OK 162, 363 P.2d 215, BECK v. JARRETT
Discussed
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Discussed
 1978 OK 138, 585 P.2d 1363, SNEED v. SNEED
Discussed
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1985 OK 86, 708 P.2d 1123, Guardianship of Deere, In re
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 651, New Trial - Definition - Causes for
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA