## MARYLAND CASUALTY CO. v. HAZEN.

### No. 28001. May 10. 1938.

Clayton B. Pierce and Truman B. Rucker, for plaintiff in error.

H. R. Helmbrecht and J. F. Murray, for defendant in error.

PER CURIAM. This action was commenced by the plaintiff to recover on an insurance policy issued by the defendant for the benefit of the plaintiff, who was one of the employees of the city of Ponca City. At the time of the accident plaintiff was a policeman on the police force of said city, and while so employed suffered a sunstroke and as a result is totally and permanently disabled.

The parties will be referred to as they appeared in the trial court. Plaintiff sustained an accidental injury within the meaning of the terms of the policy as announced by this court in adopting and approving the rule in Provident Life & Accident Ins. Co. v. Green, 172 Okla. 591, 46 P.2d 372.

We shall not discuss the evidence with relation to the sunstroke other than to state that it disclosed that the plaintiff sustained said accident while employed as a policeman while on the force of said city of Ponca City, and that the medical expert evidence is sufficient both to establish the accident and the resulting disability. In this connection, see Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785.

The view that a sunstroke is within the terms of such a policy as the one at bar is declared to be the majority view in the United States. See Richards v. Standard Accident Ins. Co. (Utah) 200 P. 1017, A. L. R. 1183, and note 1197, 90 A. L. R., note 1386.

A more interesting question is presented ably, and to some extent, based upon the terms of the policy which provided in part as follows:

"Maryland Casualty Company * * * does hereby insure employees of the * * * police department * * * subject to the conditions, provisions and limitations herein contained, against bodily injury caused during the term of this policy, directly and exclusively of all other causes, by external, violent and accidental means as follows: * * *"

Other provisions are referred to, but **in**

their nature and scope are controlled by the above set out provisions, and the discussions of the courts are with relation to what constitutes an accident exclusive of all other causes by external and violent means. The insurance contracts in Provident Life & Accident Co. v. Green, supra, and related cases discussed herein have a similar if not identical provision. It is urged that the court erred in refusing to sustain a demurrer to the evidence offered by the plaintiff and in refusing to grant the defendant's motion for a directed verdict, and these two alleged errors are based simply upon the position of the defendant that, since the chief medical witness for the plaintiff testified that in 1905 plaintiff had a head wound near the temple, and in 1931 the said medical expert witness advised the plaintiff to keep out of the sun, and while witness was mayor of said city he was given an employment where he did not have to do hard labor in the sun, that these two "conditions" contributed to the injury so as to preclude a recovery.

In adopting the rule announced in Provident Accident Life Insurance Co. v. Green, supra, this court quoted at length with approval from the dissenting opinion of Justice Cardozo in Landress v. Phoenix Mut. Life Ins. Co., 291 U. S. 491, 78 L Ed. 934, 54 Sup. Ct. 461, 90 A. L. R. 1382.

In the latter case Justice Cardozo stated:

"A cause does not cease to be violent and external because the insured has an idiosyncratic condition of mind or body predisposing him to injury. Silverstein v. Metropolitan L. Ins. Co., 254 N. Y. 81, 171 N. E. 914; Leland v. United Commercial Travelers, 233 Mass. 558, 564, 124 N. E. 517; Collins v. Casualty Co. of America, 224 Mass. 327, 112 N. E. 634, L. R. A. 1916 E, 1203; Taylor v. New York L. Ins. Co., 176 Minn. 171, 222 N. W. 912, 60 A. L. R. 959. Under a policy phrased as this one, the insurer may be relieved of liability if the predisposing condition is so acute as to constitute a disease. See cases supra. Here the complaint alleges that the idiosyncrasy was not a physical or mental disease, and that it appeared from an autopsy that there was no bodily infirmity or disease which could have been a contributing cause of death."

In Silverstein v. Metropolitan L. Ins. Co., 254 N. Y. 81, 171 N. E. 914, the court said:

"In a strict or literal sense, any departure from an ideal or perfect form of health is a disease or an infirmity. Something more, however, must be shown to exclude the effects of accident from the coverage of a policy. The disease or the infirmity must be so considerable or significant that it would be characterized as disease or

infirmity in the common speech of men. Eastern Dist. Piece Dye Works v. Travelers' Ins. Co., 234 N. Y. 441, 138 N. E. 401, 26 A. L. R. 1505. 'Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract.' Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47, 51, 120 N. E. 86, 87, 13 A. L. R. 875; Goldstein v. Standard Accident Ins. Co., 236 N. Y. 178, 183, 140 N. E. 235, 236; Van Vechten v. American Eagle Fire Ins. Co., 239 N. Y. 303, 146 N. E. 432, 38 A. L. R. 1115. A policy of insurance is not accepted with the thought that its coverage is to be restricted to an Apollo or a Hercules."

In Collins v. Casualty Company, 224 Mass. 327, 112 N. E. 634, L. R. A. 1916E, 1203, the Massachusetts court, under a policy carrying a clause similar to the one at bar, applied the same principle, in which case it was urged and admitted that assured had a predisposition to rupture which was the accidental injury for which claim was made. The cases relied upon by the defendant decided by this court are Federal Ins. Co. v. Firestone, 159 Okla. 228, 15 P.2d 141, and Great Northern Life Ins. Co. v. Farmers' Union Co-operative Gin Co., 181 Okla 370, 73 P.2d 1155. These are cases where the disease contributed to the resulting disability. We have limited our discussion to cases which do not involve disease. We see no need to discuss the rule announced in Lickleider v. Iowa State Traveling Men's Ass'n (Iowa) 166 N. W. 363, 3 A. L. R. 1295 and Moon v. United Commercial Travelers, 96 Neb. 65, 52 A. L. R. (N. S) 1203, 146 N. W. 1037, Ann. Cas. 1916B, 222, which might be considered in conflict with Great Northern Ins. Co. v. Farmers Union Co-operative Gin Co., supra. It is sufficient to state that there is a hopeless conflict in the authorities. We are of the opinion that in the latter cases the rule goes much further than necessary to state herein. In this connection, see Taylor v. New York Life Ins. Co. (Minn.) 222 N. W. 912, 60 A. L. R. 959; Druhl v. Equitable Life Assur. Soc. (N. D ) 218 N. W. 220, 60 A. L. R. 962.

We therefore hold that the above principle applies in the case at bar. To go further and hold that a predisposition which does not amount to a disease is a contributing cause so as to prevent a recovery would be to encounter the same difficulties referred to by the learned Justice in his dissenting opinion in the Landress v. Phoenix Mut. Ins. Co. Case, supra, as follows:

"The attempted distinction between accidental results and accidental means will plunge this branch of the law into a Serbonian Bog. 'Probably it is true to say

that in the strictest sense and dealing with the region of physical nature there is no such thing as an accident.' "

The boundary line, past which the court should not enter, has been ably stated in the reasoning and rule announced in the foregoing cases.

Hardly any accident could occur but what some predisposition, fancied or otherwise, might be found. The field should be limited to disease which contributes to said accident.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.