## WOODMEN OF THE WORLD LIFE INS. SOCIETY v. CHAPMAN.

No. 29653.   April 29, 1941.

Rehearing Denied May 27, 1941.

113 P. 2d 600.

Henry R. Duncan, of Tulsa, for plaintiff in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendant in error.

OSBORN, J.   This action was instituted in the district court of Ottawa county by Gussie P. Chapman, hereinafter referred to as plaintiff, against Woodmen of the World Life Insurance Society, hereinafter referred to as defendant, to recover upon a double indemnity benefit rider attached to a life insurance certificate issued to Junius J. Chapman, now deceased, of which Gussie P. Chapman was named the beneficiary. The cause was tried to a jury and a verdict was returned in favor of plaintiff, from which defendant has appealed.

On January 7, 1909, defendant issued its certificate of insurance upon the life of Junius J. Chapman in the sum of $2,000.   Thereafter, on April 1, 1926, said certificate was surrendered and defendant issued another certificate of insurance in the sum of $2,000 in lieu thereof, and on April 23, 1929, in consideration of additional dues, defendant issued and attached to the last-mentioned certificate of insurance as a part thereof a "double indemnity benefit" rider providing in part as follows:

"The Association will pay Four Thousand Dollars, less any indebtedness to the Association hereon, in lieu of the face amount of said certificate, upon receipt of due proof that the death of the member resulted, directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental means and within sixty days after sustaining such injury. . . ."

The certificate holder, Junius J. Chapman, died on July 17, 1936, and thereafter the company paid to plaintiff, as beneficiary, the face amount of said policy, but denied liability under the double indemnity benefit clause, said payment having been accepted by plaintiff without prejudice to the pres-

entation of further claims under the terms of said policy.

Plaintiff alleged that the death of the certificate holder resulted from sunstroke and that by reason thereof defendant became liable to her for the benefits agreed to be paid under the double indemnity benefit rider of said certificate.

In this jurisdiction it is well settled that death from sunstroke is "an effect resulting from bodily injuries sustained through external, violent and accidental means" and within the terms of a policy insuring against the effects resulting directly, and exclusively of all other causes, from bodily injury sustained solely through external, violent, and accidental means. Maryland Casualty Co. v. Hazen, 182 Okla. 623, 79 P. 2d 577; Provident Life & Acc. Ins. Co. v. Green, 172 Okla. 591, 46 P. 2d 372; Continental Cas. Co. v. Clark, 70 Okla. 187, 173 P. 453.

Defendant concedes that it would be liable under the double indemnity feature of the certificate if the death of deceased resulted from sunstroke, but contends that no competent evidence was introduced from which the jury could properly determine that death resulted from sunstroke, and that therefore the verdict of the jury is wholly unsupported by competent evidence. A review of the record, however, demonstrates that this contention is erroneous.

It is next contended that the trial court erred in striking certain portions of defendant's answer wherein it was sought to defend on the ground of a breach of warranty as to physical health. In this connection it was alleged that in plaintiff's application to procure the certificate providing for double indemnity, deceased warranted that he was "in good sound bodily health" and that there was nothing in his habits or condition likely to impair his health or shorten his life. Defendant alleged as follows:

"(5) . . . that at the time the said Junius J. Chapman became a member of said society and at the time he applied for exchange of certificate on the 3rd day of April, 1929, and when said Junius J. Chapman made application for duplicate certificate on April 30, 1936, he was then and there and continued thereafter to be afflicted with serious physical and bodily infirmities, illness and disease, all of which was well known to the said Junius J. Chapman and for and on account of said physical and bodily infirmities, disease and illness, the said Junius J. Chapman had made application for and was drawing from the Veterans Bureau of the United States Government, a disability pension. All in violation of the warranties contained in said certificate of membership, and said application therefor."

Plaintiff contends that defendant was precluded from defending on the ground of breach of warranty as to physical condition for the reason that on the date of the issuance of the double indemnity benefit rider, section 81 of the constitution, laws and by-laws of the company, referred to as the "incontestable clause," was in force and effect and provided:

"Sec. 81. When a beneficiary certificate has been in force for two consecutive years immediately preceding the death, while in good standing, of the member holding the same, the payment thereof shall not be contested on any ground other than that his death was intentionally caused by the beneficiary or beneficiaries, or by the hands of justice, or that he misstated his age in his application, or for presumed death on account of absence or disappearance."

The defendant alleged that said by-laws were amended in 1935 to include the following provision:

". . . This provision shall not apply to riders or supplementary agreements attached to beneficiary certificates, nor to any provision in the beneficiary certificate *for the payment of double indemnity in case of accidental death.*"

All of the allegations of the answer with reference to breach of the warranty as to physical condition and as to the 1935 amendments of the constitution and by-laws were stricken by

the trial court. It appears that the certificate involved herein provided that the articles of incorporation, laws and by-laws of the society then in force, and all amendments to each thereof which might be made thereafter, the application for membership, and the application for exchange of certificate constituted the agreement between the society and the insured.

It is plaintiff's position that the amendment of the by-laws in 1935, providing that the incontestable clause should not be applicable to provisions for payment of double indemnity in case of accidental death, is not applicable herein. It is argued that since the certificate had been in force for more than two years prior to the date of such amendment, certain rights of the assured had become fixed and vested and that defendant was without power to disturb such rights by the enactment of amendments to its by-laws.

The rule is well settled in this jurisdiction that although the terms of the contract of insurance are fixed by the constitution and by-laws of the society as they existed at the beginning of the membership and that the power to alter and repeal the constitution and by-laws enters into and forms a part of the contract, the power of amendment and repeal does not give the society any right to adopt a by-law which would divest, impair, or disturb the rights once vested in its members. Eureka Reserve Life Ins. Co. v. Glazner, 115 Okla. 180, 242 P. 181; Sovereign Camp, W. O. W., v. O'Neil, 86 Okla. 16, 205 P. 755; Hines v. Modern Woodmen of America, 41 Okla. 135, 137 P. 675, L.R.A. 1918A, 265, and annotation, Ann. Cas. 1913C, p. 672; 19 R. C. L. § 28, p. 1213. Under the provisions of the by-laws prior to 1935, all of the indemnity provisions of the certificate of insurance involved herein were incontestable on all grounds save and except (a) the death of the insured was intentionally caused by his beneficiary, (b) death was effected by the hands of justice, (c) insured mis-

stated his age in his application, and (d) presumed death on account of absence or disappearance. The change in the by-laws greatly enlarged the grounds upon which the double indemnity provisions of the certificate might be contested. The double indemnity benefit rider became incontestable on April 23, 1931, under the provisions of the by-laws which were then in force. We must treat the instant contract as possessing an enhanced value immediately upon the beginning of the period of incontestability. The effect of the 1935 amendment was to destroy such enhanced value and thus to deprive the assured of a valuable vested right. The amendment was ineffective so far as the present contract is concerned. The authorities relied upon by defendant do not deal with the deprival of vested rights and therefore are not in point. The trial court did not err in striking from defendant's answer the allegations relating to its defense of a breach of warranty as to physical condition.

It is next contended that the trial court erred in refusing to grant a continuance of the trial of the cause on account of the illness of one of defendant's attorneys. It appears that when the cause was set for trial an affidavit was filed seeking a continuance on account of the absence of H. R. Duncan, chief counsel for the defendant, who was ill and unable to attend court. It appears that arrangements had previously been made to procure the services of Mr. H. W. Conyers, an attorney of Tulsa, and Mr. L. A. Wetzel, an attorney of Miami, to assist in the trial of the cause. The application for continuance was denied, and Mr. Conyers and Mr. Wetzel proceeded to try the case. In the case of House v. Gragg, 170 Okla. 550, 44 P. 2d 832, this court reiterated and applied the established rule that the granting or refusing of a continuance on account of the absence of counsel is a matter of discretion with the trial court, and unless it appears that such discretion was abused to the prejudice of the substantial rights of the litigant,

the action of such court will not be disturbed on appeal. In the instant case it does not appear that substantial prejudice resulted from the failure of the court to grant the continuance.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and DAVISON, JJ., concur.