JACKSON v. JACKSON.

No. 33555.   April 19, 1949.

*205 P. 2d 297.*

Fred King, of Guymon, and Jess L. Pullen, of Oklahoma City, for plaintiff in error.

Rizley, Tyron & Sweet and LaMar & Bailey, all of Guymon, for defendant in error.

O'NEAL, J. This is an appeal by Elizabeth M. Jackson from a judgment of the district court of Texas county granting her husband, Sam S. Jackson, a divorce and settling property rights. Plaintiff's action for divorce is predicated on the ground of extreme cruelty.

Subsequent to the filing of the appeal the parties by stipulation settled their property rights, and the appeal in so far as such issue is concerned has been dismissed, leaving for our consideration only the question of the correctness of the judgment granting the divorce.

Defendant raises a jurisdictional question. She asserts that plaintiff was a resident of the State of Texas at the time the case was tried and the court was, therefore, without jurisdiction to hear the case and render a judgment and should have dismissed the case.

The record discloses that plaintiff had been a resident of the State of Oklahoma for more than 40 years next preceding the filing of his petition and was at that time and at the time the summons was issued a resident in good faith of Texas county, Oklahoma, and then resided in Texhoma, Oklahoma. Texhoma is located on the boundary line between the States of Oklahoma and Texas. Main street is the dividing line; Texhoma, Oklahoma, lies on the north side of the street and Texhoma, Texas, on the south side. Some time after the petition was filed and summons was issued, and before trial, plaintiff obtained a room and living quarters in Texhoma, Texas, and was occupying such quarters at the time the case was tried. Plaintiff asserts the evidence shows he was only temporarily residing in the State of Texas; that he had not abandoned his residence in Oklahoma, but that he intended to return to Oklahoma in the near future and make Texhoma, Oklahoma, his future residence and home, while defendant contends the evidence showed that he had established a permanent residence in the State of Texas.

Since the evidence shows that plaintiff was a resident of Oklahoma for more than one year next preceding the filing of the petition and was a resident in good faith of Texas county at the time the petition was filed and summons issued, we deem it immaterial as to whether plaintiff at the time of trial had established a permanent residence in the State of Texas or whether such residence was merely temporary.

Under the record the jurisdictional requirements as provided by 12 O.S. 1941 §1272 existed when the petition was filed and summons issued. Jurisdiction then attached and the court was not divested of its jurisdiction, although plaintiff thereafter and before trial left the state and did, in fact, establish a permanent residence in the State of

Texas. In 27 C.J.S. Divorce §74, it is said:

"Change of residence pendente lite. A change of residence by plaintiff after the commencement of the suit and before its trial does not deprive the court of jurisdiction, unless an amendment is filed thereafter which sets up a new cause of action. . . ."

In the case of Polk v. Polk, 158 Wash. 242, 290 P. 861, the Supreme Court of Washington said:

" . . . The facts clearly disclose that appellant was a resident of this state for one year immediately preceding the date she instituted her action for divorce, therefore a change of residence by her subsequent to the commencement of the action did not deprive the court of jurisdiction.

" 'A change of residence by plaintiff after the commencement of a suit and before its trial does not deprive the court of jurisdiction.' "

See, also, Bason v. Bason (Tex. Civ. App.) 260 S. W. 687, and Russell v. Russell (Tex. Civ. App.) 199 S. W. 2d 858.

It is next contended by defendant that the court erred in denying her motion for a continuance. The motion was predicated on sickness of her leading counsel, Mr. Miller. A doctor's affidavit attached to the motion discloses that Mr. Miller was ill and unable to attend the trial and that he would not be able to attend court for two or three months. The record also discloses that some time prior thereto a 30-day continuance was granted defendant on the same ground in order to give her an opportunity to employ counsel. It appears from statements made by counsel that Mr. Miller was seriously stricken some time ago while engaged in the trial of a case in the State of Texas and it is stated by counsel that it is extremely doubtful as to whether he will ever be able again to appear in court. Counsel who represented defendant at the trial of the case was retained as local counsel for defendant from the beginning. Defendant was well and

ably represented by counsel at the trial of the case. Under these circumstances, it cannot be said that the court abused its discretion in denying the motion. Woodmen of the World Life Ins. Society v. Chapman, 189 Okla. 69, 113 P. 2d 600; House v. Gragg, 170 Okla. 550, 44 P. 2d 832.

It is next contended that the evidence is insufficient to establish plaintiff's allegation of extreme cruelty and insufficient to sustain the judgment.

The evidence shows that plaintiff, at the time of filing his petition and for some years prior thereto, was engaged in the garage and implement business in Texhoma, Oklahoma. He was handling implements for John Deere Plow Company. Plaintiff testified that he and defendant were married January 8, 1929; that several years thereafter some trouble arose between them; that defendant had a violent temper, seemed to be of a jealous disposition, and became very abusive; that she frequently had stated that she never had cared for him and did not now care for him, and that on numerous occasions accused him of having improper relations with other women and made such accusations against him at various times to others; that the accusations of infidelity made against him were untrue and that the conduct of defendant towards him was so continuous as to make it impossible for them longer to live together as husband and wife.

Mr. Carson, who was credit manager of the John Deere Plow Company and who resided in Kansas City, Missouri, testified that some time after the petition for divorce was filed defendant came to Kansas City to discuss with him her domestic troubles; that in the course of conversations she charged plaintiff with infidelity and made other remarks derogatory to his character not necessary here to detail, and also accused him of misconduct in connection with his business dealings. Other witnesses also testified to conduct and acts committed by defendant subse-

quent to the filing of the petition tending to show cruel treatment.

While defendant denied that she had been guilty of the conduct testified to by plaintiff and other witnesses, we think the evidence sufficient to sustain plaintiff's allegation of extreme cruelty and sufficient to support the judgment. We have on different occasions said there may be a divorce on the ground of extreme cruelty in the absence of any great physical violence when there is conduct or treatment which destroys the concord, harmony, happiness, and affection of the parties and the legitimate aims, objects, purposes, and ends of matrimony. Hassell v. Hassell, 185 Okla. 154, 90 P. 2d 885; Collins v. Collins, 182 Okla. 246, 77 P. 2d 74; Hornor v. Hornor, 166 Okla. 103, 26 P. 2d 929.

The evidence as to the conduct, statements and accusations made by defendant subsequent to the filing of the petition was admitted over the objection of defendant and it is contended that the court committed reversible error in admitting such evidence. We do not agree.

Speaking on the question of admissibility of such evidence, in the case of Hink v. Hink, 131 Okla. 164, 268 P. 282, we said:

" . . . The rule seems to be well established that acts occurring after suit for divorce is brought cannot be made grounds for divorce, although it is well settled that the court may look at the conduct of the husband toward his wife since the commencement of the action to ascertain the weight and color of the acts alleged and proved. Bishop on Marriage, Divorce and Separation, vol. 1, §1451."

In the case of Williamson v. Williamson, 164 La. 144, 113 So. 796, it is said:

"Defendant charges that the trial judge erroneously admitted, over his objection, evidence of certain incidents occurring after the filing of the original suit. One of these incidents happened in the store of the Clawson Mercantile Company, at Bonita, when defendant caught hold of plaintiff, violently shook her, and threatened her with severe bodily harm. The evidence was properly admitted. It was corroborative of former acts of ill treatment which plaintiff alleged she had suffered at the hands of the defendant. . ."

The court committed no error in admitting this evidence.

The contention of plaintiff that there was irregularity in the proceedings of the court and abuse of discretion by which the defendant was prevented from having a fair and impartial trial is not supported by the record.

Judgment affirmed.

