OSAGE IMPLEMENT COMPANY and Federated Mutual Implement and Hardware Insurance Company, Petitioners,

v.

David John BOTTRELL and the State Industrial Court, Respondents.

No. 39362.

Supreme Court of Oklahoma.

July 25, 1961.

John F. Eberle, Oklahoma City, for petitioners.

Leonard G. Geb, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On April 8, 1960, David John Bottrell (claimant) filed his claim with the State Industrial Court, stating that on February 19, 1960, and again on March 9, 1960, while employed by Osage Implement Company (employer), he sustained an accidental injury arising out of and in the course of his employment. The final hearing was held July 12, 1960. On August 17, 1960, the trial judge made an award for temporary total disability which was affirmed by the court en banc.

This proceeding is brought by the employer and its insurance carrier, Federated Mutual Implement and Hardware Insurance Company (petitioners) to review the award.

Claimant's testimony was that on February 19, 1960, after unloading a grain drill, he went between the trailer and truck to hook a pin to hold the trailer down; that the truck moved forward causing the trailer to hit claimant on the left side and small of his back; that he suffered pain, which subsided into a dull ache in his back and leg. Claimant testified he advised his employer of the accident upon return to the place of business. Claimant also testi-

fied that on March 9, 1960, while unloading drills from a box car, a box weighing about 1,200 pounds slipped and threw the weight upon him causing pain in his lower back which became increasingly severe. Claimant testified he notified his employer of this injury within the next few days.

The evidence is that claimant, with knowledge of the employer, went to claimant's personal doctor on March 11, 1960, and was placed in a hospital in traction. Later in March he was moved to Oklahoma City and Dr. S performed an operation on his back.

Petitioners complain that they were denied a fair and complete hearing because the trial judge refused to grant their request for a continuance of the first hearing. The facts are that the matter was set for hearing in Ponca City, Oklahoma, on June 7, 1960. On that date the attorney was in a trial in Oklahoma City and could not be present. The trial judge denied a telephoned request for continuance because claimant had undergone the operation and was not being paid temporary compensation and the matter was considered urgent. Only the testimony of claimant was taken at this hearing. A transcript of this testimony was made and presented to petitioners' attorney.

■ The matter was again set for June 28, 1960, and was continued at request of attorney for petitioners. The matter was then set for July 12, 1960, and the parties were present and represented by their attorneys. The claimant presented himself for cross-examination. Petitioners' attorney, without prejudice or hindrance, conducted a lengthy cross-examination including all matters previously testified to by claimant.

In Jackson v. Jackson, 201 Okl. 292, 205 P.2d 297, 298, 7 A.L.R.2d 1410, we stated:

"The granting or refusing of a continuance on account of absence of counsel is a matter of discretion with the trial court, and, unless it appears that such discretion was abused to the prejudice of the substantial rights of a liti-

gant, the action of the court will not be disturbed upon appeal."

And in Barnsdall Refining Corp. v. Locker, 182 Okl. 318, 77 P.2d 749, 750, we held:

"It is the duty of the State Industrial Commission to grant both the employer and the employee full opportunity to be heard in a proceeding brought before it, but, before an award entered by the commission denying or approving the claim of an injured employee will be vacated for failure to grant a continuance, it must appear that there has been a substantial failure to afford a full and complete hearing."

█ Under the circumstances existing here and the quoted law we are of the opinion that there was no substantial failure to afford a full and complete hearing.

Petitioners also urge that their motions to disqualify the trial judge in the hearings and before the court en banc should have been granted. The motions alleged bias and prejudice and that he had prejudged the claim in favor of claimant. The motions were based upon the judge's refusal to continue the first hearing and his statements relative to the urgency of having a hearing.

█ An application to disqualify a judge in a civil proceeding on the grounds of prejudice or bias is addressed to the trial court's sound discretion, whose ruling thereon will not be reversed on appeal, unless a clear abuse of discretion appears. Parnacher v. Mount, 207 Okl. 275, 248 P.2d 1021.

We have made a careful examination of the entire record and we are convinced petitioners had a fair and impartial hearing. We find no error in the judge's refusal to disqualify.

It is next argued that there is no competent medical evidence reasonably tending to support the finding of the temporary total disability of claimant resulting from the claimed accidental injuries. Subsequent to March 9, 1960, the claimant, with knowledge of the employer, went to the doctor and hospital. Petitioners' witnesses testified that previously "Dave didn't pass anything up" and admitted he "could hold his own with any man." Dr. F in his report related a history of the injuries, treatment and back operation and concluded claimant had sustained an injury to his back and was temporarily totally disabled. Petitioners submitted no medical evidence and their counsel (CM 116) stated "our medical would be to the effect that he is temporarily totally disabled at this time."

█ It is our conclusion there was competent medical evidence as to the cause and extent of the disability and the finding of fact based thereon will not be disturbed. Bartlett-Collins Co. v. Armstrong, Okl., 345 P.2d 898.

Award sustained.

WILLIAMS, C. J., and WELCH, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.