ANCO SERVICE COMPANY, Inc., an Oklahoma Corporation, Plaintiff in Error,

v.

Virta NOLAND, Defendant in Error.

ANCO SERVICE COMPANY, Inc., an Oklahoma Corporation, Plaintiff in Error,

v.

Claud NOLAND, Defendant in Error.

No. 40137.

Supreme Court of Oklahoma.

Nov. 26, 1963.

Liebel & Shumake, Oklahoma City, for plaintiff in error.

Carroll J. Bowie and Bill Wilson, Pauls Valley, for defendants in error.

JACKSON, Justice.

In the trial court Virta Noland and Claud Noland filed separate actions against Anco Service Co., Inc., for personal injuries allegedly sustained by each of them when Anco's truck ran into their automobile. The cases came on for trial on February 14, 1962, and were consolidated; and after declaring the defendant, Anco Service Co., in default, and hearing testimony, the trial court entered judgment in favor of Virta Noland for $20,000, and in favor of Claud Noland for $2,500.

The question presented for our consideration is whether the trial court erred in refusing to grant the defendant, Anco, a continuance under the circumstances presented in this case, and in refusing to vacate judgments.

The record shows that motions to quash, demurrers, and answers, were filed on behalf of the defendant by a member of an Oklahoma City firm of attorneys (hereinafter called "principal attorney") for the defendant.

The record further shows that these cases were placed upon the trial docket on January 24, 1962, for trial on February 14, 1962, and a copy of the docket was mailed to counsel for the defendant on January 24, 1962.

When the cases came on for trial at 1:00 o'clock P.M. on February 14, 1962, and plaintiffs announced "ready", a Pauls Valley attorney (hereinafter called "local counsel") said to the court:

"I am not authorized by the principal attorney in this case to announce that we are ready for trial, because (principal attorney) is today in trial in a case at Sulphur under Judge Monroe, I believe; so I'm not authorized to announce that we are ready for trial * * *. I hereby, on behalf of (principal attorney) and our client in this case, request a continuance of the case until such time as (principal attorney) can be here."

The court explained that the trial docket was mailed out to attorneys on January 24, 1962, and stated that he had been advised by local counsel on February 13, 1962, that there might be some conflict in principal attorney's court schedule on February 14, 1962. The court further said:

"* * * When a docket goes out, counsel may contact the court any time they desire, but Mr. (principal attorney) has not seen fit to do that in this matter, so I feel that in all fairness to the plaintiff, the fact that we have these jurors here, we called in 50 some odd jurors who are sitting out here right now, called in particular for this case, and that the Motion for Continuance will be denied and exception be allowed, of course."

* * * * * *

"Now, let me ask you, are you in a position to proceed with the empaneling of a jury Mr. (local counsel)?

"Local counsel responded:

"No, sir, I'm not in a position to proceed with the empaneling of a jury, because I had the specific instructions from Mr. (principal attorney) that I was not authorized to proceed with the empaneling of a jury. Under those circumstances, I reiterate my request that the case be continued."

At this point in the proceedings the court excused local counsel from participating in the trial; held the defendant in default; and after hearing the testimony for the plaintiffs entered the judgments above mentioned.

In motion to set aside the default judgment, filed on February 23, 1962, it was alleged that principal attorney tried a case in Oklahoma county on February 12 and 13, 1962, and was engaged in the trial of a case at Sulphur, in Murray County, Oklahoma, on February 14th and 15th, 1962; that his law partner in Oklahoma City was engaged elsewhere; that local counsel was not sufficiently prepared to try the instant cases in Pauls Valley; and that the defendant had meritorious defenses to the actions as alleged in its answers. (Defendant's answers alleged excessive speed on the part of plain-

tiffs; sudden emergency not created by defendant; and unavoidable accident.)

In support of its application to set aside the judgments an affidavit, signed by W. J. Monroe, Judge of the District Court of Murray County, Oklahoma, was filed in the instant cases. This affidavit states that Judge Monroe tried a case for principal attorney on February 14 and 15, 1962, pursuant to an assignment docket prepared on January 16, 1962.

From the order refusing to vacate the judgments the defendant, Anco, has appealed.

■ We have consistently held that where a case is ably tried by associate counsel, or substitute counsel, it is not error for the trial court to refuse a continuance because of the absence of chief counsel or principal counsel. Jackson v. Jackson, 201 Okl. 292, 205 P.2d 297, 7 A.L.R.2d 1410; Woodmen of the World Life Ins. Society v. Chapman, 189 Okl. 69, 113 P.2d 600; McAllister v. Ealy, 98 Okl. 223, 225 P. 146; House v. Gragg, 170 Okl. 550, 44 P.2d 832; and Jones v. Thompson, et al., 55 Okl. 24, 154 P. 1139. However, in Kinnear v. Dennis, 97 Okl. 206, 223 P. 383, where defendant's attorney became ill during the trial and the court required the defendant to proceed with the trial utilizing only the services of said attorney's "law clerk", and a judgment was rendered against the defendant for $20,000, we held that it was an abuse of discretion to require the defendant to proceed with the trial under such circumstances. In the body of the opinion we said:

"In substance, the showing made in these affidavits is that Mr. Davis was a law clerk employed in the office of Biddison & Campbell; that he knew nothing of the facts or the law in the case on trial, but that he sat in the case with Mr. Biddison at the request of Mr. Biddison; that Mr. Biddison was employed by the defendant to represent him, with the distinct understanding at the time of such employment that Mr. Biddison should personally try the case; that he had sole charge of the case and its preparation, being the only one to advise his client in reference thereto, and expected, and his client expected him, to personally try the case."

■ In the instant case it appears that local counsel had been employed by principal attorney to assist him in presenting the pleadings to the court but it is not indicated that he had been employed to take an active and responsible part in the trial of the case; or that he was prepared at the time of trial to try the case. In any event local counsel was excused from further participation in the case and was authorized to leave the court room.

Under the circumstances here presented the trial court was placed in a most perplexing situation. The case in Murray County, in which principal counsel was involved, was scheduled on January 16, 1962, for trial on February 14, 1962. The instant cases were scheduled on January 24, 1962, for trial in Garvin county on February 14, 1962. However, the trial judge in the instant cases had not been informed of this conflict until February 13, 1962. In the meantime he had ordered "50 some odd jurors * * * called in particular for this case", and the jurors and plaintiffs' witnesses had assembled for the trial. This situation apparently resulted from principal attorneys failure to notify the court of his conflicting schedule.

At the hearing on the motion to vacate the judgments the defendant did not offer to reimburse the plaintiff and the county for witness and jury fees and mileage, and the question of whether the trial court could have imposed such costs upon the defendant as a condition precedent to vacation of the judgments does not appear to have been considered.

After the parties had filed their briefs in this court the defendant, Anco Service Co., Inc., was requested to show cause why jury and witness fees and other costs should not be borne by the defendant in this case. Thereafter the defendant filed in this court

its response and expressed a willingness "to bear the costs of this appeal, together with witnesses fees incurred by the plaintiff in the trial court and together with all jury fees and mileage, if any, incurred by Garvin County on February 14, 1962."

In view of the stipulation to pay costs, and the facts here presented, we have concluded that the judgments of the trial court should be vacated, conditioned that the defendant pays the costs of this appeal, together with witness fees incurred by the plaintiff in the trial court, as well as all jury fees and mileage, if any, incurred by Garvin county on February 14, 1962.

It is accordingly ordered that these cases be remanded to the trial court with instructions to conduct a hearing, after notice to the parties, and to determine the costs of this appeal, together with witness fees incurred by the plaintiff in the trial court, as well as all jury fees and mileage, if any, incurred by Garvin county on February 14, 1962, and to order payment thereof within five days subsequent to the hearing; and if said sums are paid, as ordered, the trial court is then directed to vacate the judgments and grant new trials; otherwise the judgments will remain in full force and effect.