BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

---

**Marjorie B. HALL, Plaintiff in Error,**

v.

**Weldon W. HALL, Defendant in Error.**

**No. 40387.**

Supreme Court of Oklahoma.

March 17, 1964.

510

Wheatley & Wheatley, Vinita, Alex Stephen Keller, Denver, Colo., for plaintiff in error.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

On October 6, 1960, Marjorie B. Hall filed her verified petition against Weldon W. Hall in the District Court of Oklahoma County praying for separate maintenance, and further praying for temporary support, temporary suit money and temporary attorney fees. On that same date, the trial court entered an ex parte order directing defendant to pay (1) $750 per month beginning on October 15, 1960, and each month thereafter, as temporary alimony for plaintiff's support and maintenance, (2) $500 on or before October 15, 1960, as plaintiff's necessary and reasonable temporary suit money, (3) $1,000 on October 15, 1960, as reasonable temporary attorney fees, and (4) $25 on or before October 15, 1960, as court cost deposit, and it was further ordered

" * * * that Defendant shall either comply with the foregoing provisions at the times herein specified, or, in the alternative, he may show cause, if any there be, on the 21st day of October, 1960, at 9:00 A.M., before the Judge to whom this case is regularly assigned as to why any of the provisions of this order requiring payments to be made or any acts to be done should not be complied with."

Before October 21, 1960 (on October 7, 1960), defendant filed a response or motion to vacate the above mentioned temporary order, alleging that he was financially unable to comply with the terms of the order and that plaintiff was possessed of properties, interests, and regular income which made her financially able to maintain and support herself and to pay the fees, costs, and expenses of the litigation.

The matter came on for hearing on October 21, 1960, upon the order of October 6, 1960, and upon defendant's response filed October 7, 1960, and the matter was continued until May 4, 1961. On May 3, 1961, upon application of both plaintiff and defendant, the hearing set for May 4, 1961, was ordered stricken by agreement of the parties. Neither party made a request that it be set for hearing after that time.

On October 13, 1961, plaintiff amended the first paragraph of the prayer of her petition which had read:

"Wherefore, Plaintiff prays:

"That this Court enter its decree herein ordering the Defendant to make proper and suitable provision for the support and maintenance of Plaintiff; . * * *"

to read as follows:

"Wherefore, plaintiff prays:

"That this Court enter its decree herein granting plaintiff a decree of divorce from the defendant by reason of the fault of the defendant as aforesaid; that she be awarded an equitable division of the property of the parties acquired during the marriage relation; * * *"

The defendant filed his answer and cross-petition wherein he prayed for a divorce from his wife, proper division of the property, and for other relief not important to this appeal.

A pre-trial conference was held on February 1, 1962, at which time the parties agreed that the issues were made up and the case was ordered set for trial on May 3, 1962. On April 30, 1962, the case was ordered continued because of the illness of plaintiff and reset for trial on July 2, 1962. Thereafter, the case was by agreement reset for trial on July 31, 1962. However, by order entered July 19, 1962, the attorneys of record for plaintiff were allowed to withdraw from the case. The case was reset for trial on September 4, 1962, for the purpose, as stated in the order, of allowing "plaintiff additional time within which to obtain counsel to represent her herein."

The case was tried on September 4, 1962, and a divorce decree entered that date. The terms or provisions of the decree will be referred to as necessary to a decision of this appeal. Plaintiff filed her motion for new trial, which was overruled, and she has perfected this appeal.

Plaintiff's first proposition is that the trial court erred in refusing to grant a continu-

ance to plaintiff on her request for such at a hearing on August 31, 1962. Plaintiff states that her rights were thereby substantially prejudiced in that she had no opportunity to cite defendant for contempt of court for failure to pay temporary support, attorney fees and costs pursuant to order issued October 6, 1960, and her attorneys were not given sufficient time in which to properly prepare and prosecute a contempt citation against defendant.

■ Plaintiff recognizes the general rule in regard to continuances as set out in the second paragraph of the syllabus in Jackson v. Jackson, 201 Okl. 292, 205 P.2d 297, 7 A.L.R.2d 1410:

"The granting or refusing of a continuance on account of absence of counsel is a matter of discretion with the trial court, and, unless it appears that such discretion was abused to the prejudice of the substantial rights of a litigant, the action of the court will not be disturbed upon appeal."

This is the correct rule to be applied. Therefore, we must look to see whether the substantial rights of plaintiff were prejudiced. Plaintiff cites several cases to the general effect that the trial court may make a valid ex parte order requiring a husband to pay temporary alimony during the pendency of the litigation.

■ Defendant, on the other hand, emphasizes that the ex parte order made in the instant case was an alternative order whereby he could comply with the order either by making payments or by showing cause for not making payments. None of the cases cited by plaintiff involve such an alternative order. Defendant cites Nuckolls v. Nuckolls, Okl., 356 P.2d 1089, which is directly in point. That case holds that where such an alternative order is entered and defendant files a response setting forth the reason he was not able to make the payments, he had complied with the order and he could not thereafter be adjudged in contempt prior to a hearing on the show cause matter. Therefore plaintiff was not preju-

diced in being denied a continuance, the purpose of which was for plaintiff to prosecute defendant for contempt. This is true because plaintiff made no request for a hearing on the show cause matter and defendant had complied with the order of October 6, 1960, by showing cause why he could not make payments.

Plaintiff's second proposition is that the trial court erred in overruling plaintiff's motion for judgment against defendant for all back temporary support unpaid, due and owing, pursuant to the order of October 6, 1960.

■ This is more argument about the same order discussed in plaintiff's first proposition. As we pointed out, hearings were set on several occasions on this phase of the proceedings, but no hearing was actually had. Plaintiff made no request for a hearing on the show cause and response after it was ordered stricken by agreement of the parties on May 3, 1961. And it was not made an issue in the trial of the divorce on September 4, 1962. The divorce decree entered as a result of the trial on September 4, 1962, recites, in part:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all temporary orders and show cause proceedings are merged into this judgment, to which ruling the plaintiff excepts and exceptions are allowed."

We have already said that defendant complied with the order dated October 6, 1960. Therefore, since no hearing was had to decide the plaintiff's claimed need for temporary support and defendant's denial of such need and his denial of financial ability to make such temporary payments, it was correct for the trial court to merge this temporary order into the divorce decree and make proper division of the property as prayed for by plaintiff in her amended petition and by defendant in his cross-petition.

■ Plaintiff's third proposition is a statement that she is entitled to temporary support and additional attorney's fees pending this appeal. We have examined the

evidence in the case and it appears that plaintiff has sufficient income to support herself and prosecute this appeal. The trial court, under the evidence presented, found that there was no jointly acquired property of the marriage and that neither party was entitled to alimony from the other. The trial court had also decreed that plaintiff recover from defendant her reasonable attorney's fees of $1,000. We do not find any substantial reasons to award temporary support and additional attorney's fees pending final determination of this appeal.

Affirmed.